[894 NYS2d 759]

In the Matter of SETH MURASKIN, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, February 23, 2010

**APPEARANCES OF COUNSEL**

*Rita E. Adler*, Hauppauge (*Stacy J. Sharpelletti* of counsel), for petitioner.

*Long, Tuminello, Besso, Seligman, Werner, Johnston & Sullivan, LLP*, Bay Shore (*David H. Besso* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

By decision and order on motion of this Court dated June 5, 2008, the branch of the respondent's motion which was to be suspended from the practice of law, pursuant to 22 NYCRR 691.13 (c) (1), due to a mental and emotional infirmity was granted, and the branch of that motion which was to stay the investigation by the Grievance Committee for the Tenth Judicial District (hereinafter the Grievance Committee) and direct that the respondent complete a monitoring program, pursuant to 22 NYCRR 691.4 (m), was denied.

The Grievance Committee now moves to strike the respondent's name from the roll of attorneys and counselors-at-law upon the ground that he has been disbarred based upon his conviction of a New York felony.

The respondent was charged in a superior court information in the County Court, Suffolk County, with one count of grand larceny in the third degree, in violation of Penal Law § 155.35, a class D felony. On or about February 27, 2009, he executed a waiver of indictment by which he consented to be prosecuted by the superior court information. It was therein alleged that between approximately December 31, 2002 and July 25, 2003 the respondent stole in excess of $3,000 from Nicholas Daniels.

On February 27, 2009, the respondent entered a plea of guilty in the County Court, Suffolk County, to grand larceny in the fourth degree, in violation of Penal Law § 155.30, a class E felony, before the Honorable James Hudson. The respondent specifically admitted that he represented Gloria Baumann and advised her in her capacity as coguardian of the person and property of her son, Nicholas Daniels. Included in that property was a bank account at the North Fork Bank. Arrangements were made to transfer funds from the son's property into the respondent's escrow account to be used for the son's benefit. Between December 2002 and July 2003, funds in excess of $40,000 were transferred into the respondent's escrow account and were unlawfully diverted by the respondent to his own benefit. The respondent had already made restitution of $44,385 at the time of the plea.

On June 3, 2009, the respondent was sentenced to a term of five years' probation.

The respondent's counsel submitted an affirmation in which she acknowledged the felony conviction and the respondent's automatic disbarment. Counsel noted that the Criminal Procedure Law provides that a conviction occurs upon the entry of a guilty verdict or plea, although sentence is later imposed. She asks the Court to note that the respondent's plea of guilty and conviction, and thus the date on which the period of seven years after which the respondent could apply to vacate or modify the order of disbarment, occurred on February 27, 2009.

Pursuant to Judiciary Law § 90 (4), an attorney is automatically disbarred upon his conviction of a felony and ceases to be an attorney. Having ceased to be an attorney upon his conviction, the Grievance Committee's motion to strike the respondent's name from the roll of attorneys is granted based on his disbarment, effective February 27, 2009.

MASTRO, J.P., RIVERA, FISHER, DILLON and SANTUCCI, JJ., concur.

Ordered that pursuant to Judiciary Law § 90 (4) (a), the respondent, Seth Muraskin, is disbarred, effective February 27, 2009, and his name is now stricken from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90 (4) (b); and it is further,

Ordered that the respondent, Seth Muraskin, shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent, Seth Muraskin, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and its is further,

Ordered that if the respondent, Seth Muraskin, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).